UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jamie D.,<br><br>            Plaintiff,<br><br>v.<br><br>Leland Dudek[1],<br>*Acting Commissioner of Social Security Administration*,<br><br>            Defendant. | Case No. 23-cv-3032 (TNL)<br><br><br>**ORDER** |

Kirk C. Thompson, Law Office of Kirk C. Thompson, 1201 Marquette Avenue, Suite 110, Minneapolis, MN 55403 and Wes Kappelman, Kappelman Law Firm, P.O. Box 1792, Ames, IA 50010 (for Plaintiff); and

Ana H. Voss, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; James D. Sides, Linda H. Green, and Sophie Doroba, Social Security Administration, Office of Program Litigation, Office 4, 6401 Security Boulevard, Baltimore, MD 21235 (for Defendant).

## I. INTRODUCTION

Plaintiff Jamie D. challenges Defendant Commissioner of Social Security's denial of his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401. The parties have consented to a final judgment from the undersigned United States Magistrate Judge in accordance with 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and D. Minn. LR 72.1(c).

---

[1] Lee Dudek is currently serving as the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted as Defendant in this suit. *See* Fed. R. Civ. P. 25(d).

1

Pursuant to the Federal Rules of Civil Procedure's Supplemental Rules governing actions seeking judicial review of the Commissioner's decision, this action "is presented for decision by the parties' briefs." Fed. R. Civ. P. Supp. SS Rule 5. Plaintiff filed a brief, *see* Pl.'s SSA Brief, ECF No. 14, requesting the Court to reverse the Commissioner's decision and remand. Defendant filed a brief, *see* Def.'s SSA Brief, ECF No. 16, requesting the Court to affirm the Commissioner's decision.

For the reasons that follow, the Court denies Plaintiff's request for relief, grants Defendant's request for relief, and affirms the Commissioner's decision.

## II.  PROCEDURAL HISTORY

In his application for disability insurance benefits, Plaintiff claimed that he has been disabled since November 9, 2018, due to chronic abdominal pain, hernias, diverticulitis, and anxiety. Tr. 269, 451, ECF No. 13. Plaintiff's application was denied initially and again upon reconsideration. Tr. 149-51, 154. Plaintiff then requested a hearing before an administrative law judge ("ALJ") and a hearing was held in January 2023 after which the ALJ issued an unfavorable decision to Plaintiff in February 2023. Tr. 56-70, 78-105, 159-60. The Appeals Council denied Plaintiff's request for review. Tr. 1-4. As a result, the ALJ's February 2023 decision became the final decision of the Commissioner subject to judicial review. *See* 42 U.S.C. § 405(g). Plaintiff seeks review by this Court.

## III.  THE ALJ's DECISION

The ALJ found that Plaintiff satisfied the insured status requirements of the Social Security Act through March 31, 2023 and has not engaged in substantial gainful activity since the alleged onset date of November 9, 2018. Tr. 58. The ALJ further found that

2

Plaintiff has the following severe impairments: left knee degenerative joint disease; left shoulder degenerative joint disease status post-surgery; bilateral hip degenerative joint disease; mild lumbar degenerative disc disease status post-surgery; chronic abdominal pain status post procedures for diverticulitis and hernias; and obesity. Tr. 59. The ALJ next concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments under 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 61.

As for Plaintiff's residual functional capacity, the ALJ found that Plaintiff has the residual functional capacity to perform light work (lift/carry, push/pull up to 20 pounds occasionally and 10 pounds frequently; sit for about 6 hours, and stand/walk for about 6 hours total in an 8-hour workday) except that Plaintiff is limited to frequent climbing, stooping, and crawling and is precluded from reaching overhead with the left arm and exposure to extreme cold or hazards. Tr. 63. The ALJ next determined that Plaintiff is not able to perform any past relevant work, Tr. 68, but can perform other jobs in the national economy that exist in significant numbers. Tr. 69. Accordingly, the ALJ found that Plaintiff was not disabled from November 9, 2018 through the date of the ALJ's February 2023 decision. Tr. 69-70.

## IV.  ANALYSIS

### A. Legal Standards

Disability benefits are available to individuals who are determined to be under a disability. 42 U.S.C. §§ 423(a)(1), 1381a; *accord* 20 C.F.R. § 404.315. An individual is considered to be disabled if he is unable "to engage in any substantial gainful activity by

3

reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *accord* 42 U.S.C. § 1382c(a)(3)(A); *see also* 20 C.F.R. § 404.1505(a). This standard is met when a severe physical or mental impairment, or impairments, renders the individual unable to do his previous work or "any other kind of substantial gainful work which exists in the national economy" when taking into account his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A); *accord* 42 U.S.C. § 1382c(a)(3)(B); *see also* 20 C.F.R. § 404.1505(a).

Disability is determined according to a five-step, sequential evaluation process. 20 C.F.R. § 404.1520(a)(4).

> To determine disability, the ALJ follows the familiar five-step process, considering whether: (1) the claimant was employed; (2) []he was severely impaired; (3) h[is] impairment was, or was comparable to, a listed impairment; (4) []he could perform past relevant work; and if not, (5) whether []he could perform any other kind of work.

*Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010). In general, the burden of proving the existence of disability lies with the claimant. 20 C.F.R. § 404.1512(a). Once the claimant demonstrates that he cannot perform past work due to a disability, "the burden of proof shifts to the Commissioner to prove, first that the claimant retains the residual functional capacity to do other kinds of work, and, second that other work exists in substantial numbers in the national economy that the claimant is able to do." *Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir. 2000).

4

This Court reviews whether the ALJ's decision is supported by substantial evidence in the record. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.* "It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted); *see, e.g.*, *Chismarich v. Berryhill*, 888 F.3d 978, 979 (8th Cir. 2018) (defining "substantial evidence as less than a preponderance but enough that a reasonable mind would find it adequate to support the conclusion" (quotation omitted)).

This standard requires the Court to "consider both evidence that detracts from the [ALJ's] decision and evidence that supports it." *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011). The ALJ's decision "will not [be] reverse[d] simply because some evidence supports a conclusion other than that reached by the ALJ." *Id.* Thus, "[i]f, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012). "The court must affirm the [ALJ's] decision if it is supported by substantial evidence on the record as a whole." *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016) (quotation omitted).

**B. The ALJ's Credibility Assessment**

Plaintiff challenges the ALJ's credibility determination of Plaintiff's testimony and alleged symptoms. *See* Pl.'s SSA Brief at 32-38. "To assess [Plaintiff's] credibility, the ALJ [must] consider all of the evidence, including prior work records and observations by third parties and doctors regarding daily activities, the duration, frequency, and intensity of pain, precipitating and aggravating factors, the dosage, effectiveness, and side effects of

5

medication, and functional restrictions." *Lowe v. Apfel*, 226 F.3d 969, 971-72 (8th Cir. 2000) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)). These considerations are known as the *Polaski* factors. *Bryant v. Colvin*, 861 F.3d 779, 782 (8th Cir. 2017). The ALJ, however, is not required to "explicitly discuss each factor." *Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019) (citation omitted). The Court "will defer to credibility determinations that are supported by good reasons and substantial evidence." *Id.* "Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole." *Polaski*, 739 F.2d at 1322. "[A]n ALJ is entitled to make a factual determination that a claimant's subjective pain complaints are not credible in light of objective medical evidence to the contrary." *Gonzales v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006) (quotation omitted).

Substantial evidence supports the ALJ's determination that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 65. The ALJ complied with the regulations and considered inconsistencies between Plaintiff's complaints and the medical record. *See* Tr. 64-68. For example, the ALJ considered Plaintiff's own alleged symptoms, obesity, procedures, treatments, exam history, and the effect of his medication regimen and concluded that Plaintiff's subjective complaints were inconsistent with clinical notes showing pain improvements and increased daily living activities. *See* Tr. 64-67; *see e.g.*, Tr. 835, 841, 911, 917 (treatment notes from 2020 showing Plaintiff's pain manageable with medication regimen which allowed for increased daily living activities, physical therapy increased strength, and pain reported as stable); Tr.

6

1144 (treatment notes from 2021 showing 60% of pain relief from medication regimen); Tr. 1622 (treatment notes from 2022 showing increased activity and improvements in pain).

Plaintiff takes issue with the ALJ's lack of an explicit list of activities of daily living in the decision and points to the function reports to argue that the listed activities in the function reports were consistent with Plaintiff's subjective complaints. *See* Pl.'s SSA Brief at 34. As discussed above, a careful review shows that the ALJ's decision considered and cited to clinical notes stating Plaintiff's daily activities increased which was inconsistent with Plaintiff's subjective complaints. *See Reece v. Colvin*, 834 F.3d 904, 909 (8th Cir. 2016) ("A lack of complaints to a treating physician detracts from a claimant's allegations of a disabling impairment."). Some of the function reports[2] Plaintiff points to contain Plaintiff's subjective complaints, *see* Tr. 402-09, however, "statements about your pain or other symptoms will not alone establish that you are disabled." 20 C.F.R. § 404.1529(a); *see* 42 U.S.C. § 423(d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability."). Again, the ALJ must "consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between [Plaintiff's] statements and the rest of the evidence, including [Plaintiff's] history, the signs and laboratory findings, and statements by [Plaintiff's] medical sources or other persons about how [Plaintiff's] symptoms affect [Plaintiff]." 20 C.F.R. § 404.1529(c)(4); *see* SSR 16-3p, 2017 WL 5180304. Plaintiff also points to two

---

[2] The other function report completed by Plaintiff's fiancé was properly considered and rejected by the ALJ. *See* Tr. 68.

medical opinions to argue that both of those medical opinions are consistent with Plaintiff's subjective complaints. *See* Pl.'s SSA Brief at 33-36. The Court rejects this argument because, as discussed further below, the ALJ properly found those medical opinions unpersuasive. *See* Tr. 67.

In sum, the ALJ complied with the regulations. The Court concludes that good reasons and substantial evidence supports the ALJ's creditability assessment.

### C. The ALJ's Evaluation of Medical Opinion Evidence

Next, Plaintiff challenges the ALJ's evaluation of two medical opinions. *See* Pl.'s SSA Brief at 38-41. Plaintiff specifically argues that the ALJ committed legal error by only evaluating the medical opinions for supportability and consistency and not all the factors the regulations require the ALJ to consider. *Id.* at 39-40.

In evaluating the persuasiveness of medical opinions, an ALJ must consider "(1) whether they are supported by objective medical evidence, (2) whether they are consistent with other medical sources, (3) the relationship that the source has with the claimant, (4) the source's specialization, and (5) any other relevant factors." *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)). "The first two factors— supportability and consistency—are the most important." *Id.* (citing 20 C.F.R. § 404.1520c(a)). As for the other factors, the ALJ "may, but [is] not required to, explain how [he] considered the factors in paragraphs (c)(3) and through (c)(5) . . . when [he] articulate[s] how [he] consider[s] medical opinions and prior administrative medical findings." 20 C.F.R. § 404.1520c(b)(2).

Upon this Court's review, the ALJ's evaluation of the opinion evidence did not constitute a legal error. Contrary to Plaintiff's assertion, the regulations do not require the ALJ to explain how he considered the factors under paragraphs (c)(3) through (c)(5), the ALJ must only consider those factors. The ALJ's decision explicitly provides that he "considered the medical opinion(s) and prior administrative medical finding(s) in accordance with the requirements of 20 C.F.R. [§] 404.1520(c)." Tr. 64. Therefore, the ALJ complied with the regulations. And when the ALJ does not find medical opinions to be supported and consistent with the record, which is the case here, "the ALJ [is] not required to articulate how the other factors were considered." *Michael B. v. Kijakazi*, No. 21-cv-1043 (NEB/LIB), 2022 WL 5119107, at *6 n.5 (D. Minn. July 20, 2022) (citing 20 C.F.R. § 404.1520c(b)(2)-(3)), *report and recommendation adopted as modified*, 2022 WL 4463901 (D. Minn. Sept. 26, 2022).[3]

### D. The ALJ's Development of the Record

Plaintiff's last challenge focuses on the ALJ's duty to fully and fairly develop the record. *See* Pl.'s SSA Brief at 41-45. Plaintiff specifically claims that the ALJ erred by not ordering a consultative examination "on how the combination of [Plaintiff's] impairments limited his ability to work." *Id.* at 42.

---

[3] In addition, the ALJ's supportability and consistency analysis of the two medical opinions at issue complied with the regulations. Substantial evidence in the record supports the ALJ's finding, *see* Tr. 67 (citing Tr. 1124, 1800-02, 1123, 1534-35), that the two medical opinions at issue are unpersuasive because both took the form of checked boxes, lacked explanations, and are inconsistent with the record. *See Nolen v. Kijakazi*, 61 F.4th 575, 577 (8th Cir. 2023) (finding "[t]he opinion's bare, formulaic conclusion presumptively warranted little evidentiary weight because it was rendered on a check-box and fill-in-the-blank form" (quotation omitted)); *Thomas v. Berryhill*, 881 F.3d 672, 675 (8th Cir. 2018) (finding assessments to have "little evidentiary value" when they "consist of nothing more than vague, conclusory statements—checked boxes, circled answers, and brief fill-in-the-blank responses," and when they "cite no medical evidence and provide little to no elaboration").

"Well-settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case." *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004). However, "[a]n ALJ need not request a consultative examination when []he has sufficient information to make an informed decision." *Brent Z. v. Kijakazi*, No. 22-cv-511 (JWB/JFD), 2023 WL 1110449, at *9 (D. Minn. Jan. 30, 2023) (citing *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011)), *report and recommendation adopted*, 2023 WL 2414594 (D. Minn. Mar. 8, 2023).

The record contains substantial evidence to allow for the ALJ to make an informed decision. *See* Tr. 63-68. More specifically, the record contained Plaintiff's testimony, information on his workers compensation, function reports completed by him and his fiancé, as well as numerous clinical notes from treating physicians, primary care providers, and physical therapists. Results from treatments include procedures, physical therapy, and medication plans. The record is also comprised of an independent medical evaluation, medical opinions from a treating physician, physical therapist, and state agency medical consultants. The above constitutes substantial evidence to allow the ALJ to make an informed decision. See *Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001) (finding medical reports from treating physicians, consulting physicians, and psychologists; testing results from medical exams; disability reports; supplemental disability outlines and questionnaires; and hearing transcripts to be substantial evidence for an ALJ to reach an informed decision).

Furthermore, "reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial." *Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995).

Plaintiff has not made the required prejudice showing and this is the first time Plaintiff has raised his lack of evidence argument which "suggests that any additional evidence would have been minimally useful." *Brent Z.*, 2023 WL 1110449, at *10; *see Shannon*, 54 F.3d at 488 ("Although the ALJ has a duty to develop the record despite the claimant's representation by counsel, the fact that Shannon's counsel did not obtain (or, so far as we know, try to obtain) the items Shannon now complains of suggests that these alleged treatments have only minor importance.").

At the hearing, the ALJ explicitly asked: "Is the record complete at this time?" to which Plaintiff's counsel replied that there was a missing note from a physical therapist but conceded that the note was not consequential. *See* Tr. 82. The ALJ nevertheless kept the record open for an additional 14 days for counsel to submit the note and indicated he would further extend the deadline if requested. *See* Tr. 82-83. Further, the Appeals Council's denial of review noted that the additional records submitted did not relate to the period at issue and therefore concluded that the additional records did not affect the ALJ's decision. *See* Tr. 2. There is no evidence before the Court to suggest that a consultative exam should have been ordered by the ALJ and the record in this matter contains substantial evidence to support the ALJ's decision. *See Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995) ("An ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision.").

11

## V.  CONCLUSION

Based upon the record, memoranda, and proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request for relief, ECF No. 14, is **DENIED**.

2. Defendant's request for relief, ECF No. 16, is **GRANTED**.

3. The Commissioner's decision is **AFFIRMED.**

LET JUDGMENT BE ENTERED ACCORDINGLY.


Date: March 7, 2025                     *s/ Tony N. Leung*
                                        Tony N. Leung
                                        United States Magistrate Judge
                                        District of Minnesota

                                        *Jamie D. v. Dudek*,
                                        Case No. 23-cv-3032 (TNL)